UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OC HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-12275-LTS |
| | ) | |
| CITY OF BROCKTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

April 22, 2026

SOROKIN, D.J.

Pro se plaintiff OC Houston has filed an amended complaint under 42 U.S.C. § 1983

("§ 1983") against the City of Brockton, Brockton Police Officer Christopher Perez, and

"John/Jane Doe Officers 1-10."[1]  Upon review of this document, the Court hereby orders:

1.    The Clerk shall issue a summons for Perez.  Houston is responsible for ensuring

that Perez is served with the amended complaint, the summons, and this order, within 90 days.[2]

Service must be completed in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Failure to timely complete service may result in dismissal of this action without prior notice to

the plaintiff.  See Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

---

[1] Houston does not identify any specific misconduct by these defendants.  He states that the "John/Jane Doe Officers 1-10 are officers who participated in the events described and will be identified through discovery."  Amend. Compl. ¶ 9.

[2] The Court notes that, in the context of Rule 4 of the Federal Rules of Civil Procedure, "delivery" of a summons to refers to in-person service—not service by mail.

1

2.      Service of the amended complaint and the summons on Perez may be carried out by "[a]ny person who is at least 18 years old and not a party" to the action."  Fed. R. Civ. P. 4(c)(2).  In addition, because Houston is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  See 28 U.S.C. § 1915(d).  If so asked by Houston, the USMS shall serve the summons, amended complaint, and this order on each defendant as directed by Houston.  Houston is responsible for providing the USMS a copy of this order for the agency's records, all papers for service of Perez, and a completed USM-285 form providing the address at which Perez should be served.  The Clerk shall provide Houston instructions for service by the USMS and a USM-285 form.

3.      The City of Brockton is DISMISSED without prejudice as a party to this action.

To state a claim under 42 U.S.C. § 1983 against a municipality based on an employee's unconstitutional conduct, a plaintiff must allege facts showing that the municipality's policy or custom was "the 'moving force' behind the employee's constitutional violation."  Salvidar v. Racine, 818 F.3d 14, 20 (1st Cir. 2016) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).  Here, Houston's broad allegations that the City of Brockton "failed to train and supervise officers regarding "[t]he right to record police activity, "[t]he limits of lawful force," "[t]he requirement of probable cause," and the [p]roper handing of seized property," Amend. Compl. ¶ 56, do not plausibly plead that a municipal policy or custom was the moving force behind the Perez's alleged misconduct.  See, e.g., Conlon v. Scalreto, 158 F.4th 211, 224 (1st Cir. 2025) (holding that plaintiff failed to sufficiently plead a § 1983 claim against a municipality based on failure to train where the complaint did "not identify any prior 'similar constitutional violations' by untrained police officers that would have put the City on notice of

2

any deficiency in its training program" or "contain any factual allegations about the substance or extent of training that [the] officers did receive") (quoting <u>Consenza v. City of Worcester</u>, 120 F.4th 30, 38 (1st Cir. 2024))).  If, through discovery or other means, Houston uncovers information which would allow him to sufficiently state a claim against the City of Brockton, he may amend the complaint in accordance with Rule 15(a) of the Federal Rules of Civil Procedure.

SO ORDERED.

 /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE